UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN P., <br><br>  Plaintiff, <br><br> v. <br><br> UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA, <br><br>  Defendant. | Case No. 24-cv-06932-RS <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Ethan P. alleges defendant United Healthcare Benefits Plan of California violated the Employee Retirement Income Security Act of 1974 ("ERISA") when it refused to cover certain mental health treatment for his son. Plaintiff contends the treatment was medically necessary, and was otherwise eligible for coverage under the employer-sponsored welfare benefit plan in which he participated. The operative First Amended Complaint advances a claim for recovery of benefits that United Healthcare does not challenge at the pleading stage.

The second claim for relief, however, entitled "breach of fiduciary duty," includes an assertion that United Healthcare, "[c]onsciously, unreasonably, intentionally, and without justification, violat[ed] California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") which specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses . . . ." First Amended Complaint, para. 56 (C). United Healthcare

moves to dismiss that portion of the second claim for relief that purports to state a violation of those state and federal health parity acts.

Pursuant to Civil Local Rule 7-1(b), the motion to dismiss is suitable for disposition without oral argument, and the hearing set for February 27, 2025, is vacated. This issue presented by this motion is narrow, and the parties are to be commended for recognizing that by filing briefs well under the page limits. That briefing also reveals the parties' positions are not in significant conflict. United Healthcare does not contend the second claim for relief, for "breach of fiduciary duty" should be dismissed in its entirety. Rather, United Healthcare argues the first amended complaint does not allege sufficient facts to state a claim for violation of either the state or federal health parity acts—as part of a "breach of fiduciary duty" claim or otherwise. Plaintiff, in turn, argues he has adequately alleged breach of fiduciary duty on *other* grounds, but offers no real defense that the complaint alleges facts showing a violation of the parity acts.

In some circumstances, allegations that are insufficient to support a particular theory of liability should simply be disregarded when included in an otherwise adequately pleaded claim for relief. Here, however, it is appropriate to conclude that the First Amended Complaint fails to state a claim for violation of the state and federal health parity acts, and to dismiss the second claim for relief to the extent, but only to the extent, that it is based on a claim of such violations. *Cf. Scott D. v. Anthem Blue Cross Life & Health Ins. Co*., 2024 WL 1123210, at *3 (N.D. Cal. Mar. 14, 2024) (evaluating adequacy of allegations of parity act violation as an element of his breach of fiduciary duty claim).

If plaintiff wishes to pursue a claim based on parity act violations in addition to the other allegations he contends constitute breach of fiduciary duty, he may file an amended complaint within 14 days of the date of this order. If no amended complaint is filed, the litigation shall proceed on the First Amended Complaint with the understanding that the breach of fiduciary duty claim does not include any claim that the alleged denial of benefits violated the state or federal parity acts.

**IT IS SO ORDERED**.

Dated: February 11, 2025

_____
RICHARD SEEBORG
Chief United States District Judge